UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELECHI CHARLES EMEZIEM DBA LAW OFFICES OF EMEZIEM & OTHERS,<br><br>               Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF JUSTICE, et al.,<br><br>               Defendants. | Case No. 16-cv-06628-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 5, 12 |

Plaintiff Kelechi Charles Emeziem dba Emeziem & Others filed his original complaint in the California Superior Court, County of Alameda on April 20, 2016, followed by the first amended complaint on September 30, 2016. Dkt. No. 1; *id*. Ex. A ("FAC"). State Defendants removed the case to federal court on November 15, 2016. *Id*. at 1. Pending before the Court are two motions to dismiss the FAC: one filed by the State of California by and through the California Department of Justice ("California DOJ") (collectively, "State Defendants"), Dkt. No. 5 ("State's Mot."), and the other filed by six special agents employed by the California DOJ ("Agents"), Dkt. No. 12 ("Agents' Mot."). Plaintiff filed a single opposition to both motions, Dkt. No. 14 ("Opp."),[1] and Defendants filed a single reply, Dkt. No. 15 ("Reply"). On July 11, 2017, the Court ordered the parties to file supplemental briefs regarding whether the instant suit should be

---

[1] Plaintiff's opposition was filed late. *See* Civ. L.R. 7-3 ("The opposition must be filed and served not more than 14 days after the motion was filed."); *compare* State's Mot. (filed November 23, 2016), *and* Agents' Mot. (filed December 6, 2016) *with* Opp. (filed December 23, 2016). Given that this appears to have been Plaintiff's first late filing in this case, and that Defendants have not identified any prejudice that they suffered as a result of Plaintiff's delay, the Court considers Plaintiff's opposition filed on December 23, 2016. However, the Court **STRIKES** the extremely late second opposition filed by Plaintiff on February 2, 2017. *See* Dkt. No. 23.

1 dismissed or stayed on federal abstention grounds. Dkt. No. 34. Defendants filed their supplemental brief on June 20, 2017. Dkt. No. 36 ("Defs.' Supp. Br."). Plaintiff filed his supplemental brief on June 20, 2017. Dkt. No. 37 ("Pl.'s Supp. Br.").[2] Having carefully considered the arguments made by the parties, the Court hereby **GRANTS** the State Defendants' motion to dismiss, and **GRANTS** in part and **DENIES** in part the Agents' motion to dismiss.[3]

## I. BACKGROUND[4]

On March 11, 2015, the Agents executed a search warrant at the Premises. FAC ¶¶ 10, 12. *See generally* Warrant. The target of the search warrant was Bay Area Consortium for Quality Healthcare, Inc. ("BAC"), a medical services corporation under investigation for criminal activity. *See generally id*. The warrant does not mention Plaintiff or his law office. *See generally id*. However, Plaintiff identifies BAC as his client. FAC ¶ 15. The search warrant authorized the seizure of computers and computer systems, among other property. Warrant ¶ 27. The Agents searched Plaintiff's law office, where they opened and searched client files. FAC ¶ 10.

Plaintiff's secretary, Araceli Prado, was present during the search of Plaintiff's law office, as were Plaintiff and an attorney who shares office space with Plaintiff's firm. *Id.* ¶ 11, 16. The Agents confined Ms. Prado and the other attorney to in the firm's office and would not allow Ms.

---

[2] The Court's order directed the parties to file supplemental briefs on the issue of "whether the instant suit should be dismissed or stayed on federal abstention grounds, under the *Younger* or *Colorado River* lines of cases or otherwise." Dkt. No. 34 (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). Defendants persuasively argue that federal abstention is not justified under either doctrine. Defs.' Supp. Br. at 3–6. Plaintiff "agrees and joins with Defendants' supplemental brief." Pl.'s Supp. Br. at 1. The Court accordingly will rule on the merits of the motion.

[3] The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

[4] Each of the motions to dismiss is accompanied by a substantively identical request for judicial notice. *See* Dkt. Nos. 6, 13 (collectively, "RJNs"). Each RJN attaches the same March 6, 2015 search warrant issued by the California Superior Court, County of Alameda, ordering the search and seizure of evidence of felony criminal activity located at 405 14th Street, Suite 300, Oakland, California ("Premises"), and other locations. *See* RJNs, Ex. A ("Warrant"). The Court finds that the search warrant is incorporated by reference because Plaintiff refers extensively to the document and it forms the basis of his claims, *see United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003), and because neither party disputes the search warrant's authenticity, *see Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). However, the original and supplemental RJNs are denied as to all other exhibits because the Court does not rely on the documents in question to reach its disposition. *See* RJNs, Exs. B–F; Dkt. No. 35, Exs. G–H; *Ritchie*, 342 F.3d at 908 (declaring that district court has discretion to consider certain materials beyond the pleadings without converting motion to dismiss into motion for summary judgment).

Prado to use her cell phone or the office telephone. *Id.* ¶ 11. The Agents refused to show or provide a copy of the search warrant that they were executing. *Id.* ¶ 13, 19.

The Agents searched Ms. Prado's workspace, from which they seized her computer, as well as client files and materials. *Id.* ¶ 14. The Agents were advised that the work space and materials belonged to the firm. *Id.* They also searched the office's conference room and seized "attorney/client privileged material and work product" belonging to BAC. *Id.* ¶ 15. They also disconnected the firm's internet. *Id.* The Agents eventually left Plaintiff's office with client files and materials, Ms. Prado's office computer, and other undisclosed items. *Id.* ¶ 15, 18.

After the Agents left, Plaintiff noticed that his firm's internet service had been disconnected and spoke to one of the Agents about this, who informed him that it would be reconnected. *Id.* ¶¶ 16–17. Plaintiff's law firm uses the Dropbox data storage system on its office computers, so the computer seized by the Agents had all of the attorney-client privileged materials, files, records, and documents of all the cases handled by Plaintiff's law firm spanning several years. *Id.* ¶ 19.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless,

courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted). If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks omitted).

## III. DISCUSSION

The Court first addresses the motion to dismiss filed by the State Defendants, followed by the motion to dismiss filed by the Agents.

### A. State Defendants

The Court first considers Plaintiff's cause of action against State Defendants under 42 U.S.C. § 1983. Next, the Court assesses how the disposition of that federal cause of action impacts Plaintiff's remaining causes of action against the State Defendants, which are all asserted under state law.

#### i. Federal Cause of Action (42 U.S.C. § 1983)

Plaintiff's Fifth Cause of Action asserts that the State Defendants violated 42 U.S.C. § 1983 by "perform[ing] the search complained of herein in violation of plaintiff's rights under the Fourth Amendment to be free from unreasonable searches and seizures and in violation of plaintiff's rights to due process and privacy under the Fourteenth Amendment." FAC ¶ 49. State Defendants argue that the California DOJ, as a state agency, "is not a person subject to suit under 42 U.S.C. § 1983." State's Mot. at 9; *see also* 42 U.S.C. § 1983 ("Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." (emphasis added)).

Under the Eleventh Amendment, states enjoy sovereign immunity from private suits for damages or injunctive relief in federal court, unless the State has waived or Congress has validly

4

overridden such immunity. *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Id.* at 1025–26. Moreover, Congress did not override sovereign immunity with respect to § 1983 suits. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent. . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.") The sovereign immunity doctrine extends to state agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Aguon v. Commonwealth Ports Auth.*, 316 F.3d 899, 901 (9th Cir. 2003). Moreover, "[s]tate agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

Consequently, courts have concluded that the California DOJ is a state agency to which sovereign immunity applies and against which § 1983 claims cannot be sustained, and have therefore dismissed such claims with prejudice. *See Rodriguez v. Cal. Atty. Gen's Office*, No. SA CV 09-1149 JST, 2011 WL 1157264, at *3 (C.D. Cal. Feb. 7, 2011) (dismissing with prejudice § 1983 claims against, *inter alia*, the California DOJ because the agency enjoyed sovereign immunity under the Eleventh Amendment and was not a "person" subject to suit under § 1983); *Reed v. City of San Diego*, No. 06-cv-2724-JM (WMC), 2007 WL 951302, at *2 (S.D. Cal. Mar. 23, 2007) (dismissing with prejudice § 1983 claim against the State of California and declaring that granting leave to amend would be futile since "[e]ven if Plaintiff were to sue the California Department of Justice, she could not prevail as Eleventh Amendment immunity extends to state agencies"); *cf. Yetek v. Dental Bd. of Cal.*, No. C 09-3508 CRB, 2010 WL 2594543, at *2 (N.D. Cal. June 22, 2010) (dismissing with prejudice various claims against, *inter alia*, the California DOJ because it was "clearly a state agency" that enjoyed sovereign immunity); *Bailey v. Cal. Dep't of Justice*, No. 07-cv-2090-JM (BLM), 2008 WL 755856, at *2–3 (S.D. Cal. Mar. 18, 2008) (same).

The Court finds that neither of State Defendants is a "person" subject to suit under § 1983, and that Plaintiff's § 1983 suit against them is barred by the Eleventh Amendment. Since granting

5

leave to amend would be futile, the Court dismisses the § 1983 cause of action with prejudice. *See Lopez*, 203 F.3d at 1130.

### ii. Causes of Action under California Law

Given that the Court has dismissed with prejudice the only federal cause of action asserted against the State Defendants, the Court must address whether it retains supplemental jurisdiction over the remaining causes of action against them.

Section 28 U.S.C. § 1367(a) states,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

However, the U.S. Supreme Court has interpreted § 1367(a) as a "general grant of jurisdiction" that is insufficiently clear to abrogate state sovereign immunity. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002). Therefore, "§ 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants." *Id.* at 542. Moreover, Plaintiff has pointed to no authority—and the Court has found none—indicating that the State Defendants have consented to suit under any of the state law causes of action pled here. *See generally* Opp.; *see also Sossamon v. Texas*, 563 U.S. 277, 284 (2011) ("A State . . . may choose to waive its immunity in federal court at its pleasure.") In fact, the Court has found authority to the contrary relating to all but one of the state causes of action at issue here. *See BV Eng'g v. UCLA*, 858 F.2d 1394, 1396 (9th Cir. 1988) (holding that the California Tort Claims Act constitutes California's consent to be sued in its own courts, but not waiver of its sovereign immunity in federal court); *Bailey*, 2008 WL 755856, at *2 (dismissing cause of action under section 52.1 of the California Civil Code, on the ground that the State Defendants enjoyed sovereign immunity). Accordingly, the Court finds no basis to exercise supplemental jurisdiction over the state law causes of action against the State Defendants. Therefore, these claims are dismissed without leave to amend.

## B. Agents

The Court first assesses dismissal of Plaintiff's only federal cause of action against the

6

Agents under § 1983. Next, the Court turns to the Agents' arguments for dismissal of the Plaintiff's causes of action under California law.

### i. Federal Cause of Action (§ 1983)

Plaintiff alleges that the Agents' execution of the search warrant violated his constitutional rights under the Fourth and Fourteenth Amendments. FAC ¶ 49. The Agents argue that Plaintiff's Fifth Cause of Action (§ 1983) has failed to allege a deprivation of any right secured by the Constitution or laws of the United States and is barred by the doctrine of qualified immunity. Agents' Mot. at 9–12.[5]

"A police officer generally has qualified immunity for conducting an unconstitutional search if he is acting on the basis of a facially valid warrant." *Barlow v. Ground*, 943 F.2d 1132, 1139 (9th Cir. 1991). "In the context of a police officer obtaining a warrant, immunity will be lost only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Mills v. Graves*, 930 F.2d 729, 731 (9th Cir. 1991); *see also Messerschmidt v. Millender*, 565 U.S. 535, 546–47 (2012) ("[W]e have recognized an exception [to qualified immunity] allowing suit when 'it is obvious that no reasonably competent officer would have concluded that a warrant should issue.'"). Assessing the objective reasonableness of an officer's decision to conduct a search on the basis of a warrant is typically a relatively fact-intensive inquiry. *See Messerschmidt*, 565 U.S. at 548–554.

Where defendants assert the defense of qualified immunity in a motion to dismiss under Rule 12(b)(6), dismissal is only proper if the court "can determine, based on the complaint itself, that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (internal quotation marks omitted). If dismissal is not appropriate, a court may deny a qualified immunity defense without prejudice and allow a defendant to re-raise the defense after further factual development at summary judgment or at trial. *See Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999); *Hernandez v. City of San Jose*, No. 16-cv-03957-LHK, 2017 WL 977047, at *11 (N.D. Cal.

---

[5] The Court focuses on the latter argument because the former argument was nonsensically cut and pasted from the Agents' motion to dismiss in the related case. *Compare* Agents' Mot. at 10 (arguing that "the warrant justifies the seizure of Plaintiffs' medical records") *with Ferguson v. Cal. DOJ*, 16-cv-06627-HSG, Dkt. No. 7 at 13–14 (same).

Mar. 14, 2017).

The Agents argue that there was no Fourth Amendment violation because they "executed the search warrant at the premises ordered to be searched and seized computers and documents from areas occupied by BAC in common with Emeziem." Agents' Mot. at 11. In support, they cite authorities regarding the validity of warrants to search multiunit structures, such as *Mena v. City of Simi Valley*, 226 F.3d 1031, 1038 (9th Cir. 2000). There, the Ninth Circuit declared that "[g]enerally, if a structure is divided into more than one occupancy unit, probable cause must exist for each unit to be searched." *Id.* at 1038. However, "a warrant is valid when it authorizes the search of a street address with several dwellings if the defendants are in control of the whole premises, if the dwellings are occupied in common, or if the entire property is suspect." *Id.* (internal quotation marks omitted). Here, the complaint refers to the Premises as "plaintiff's law offices" numerous times and makes no mention of BAC sharing the office. *See, e.g.*, FAC ¶¶ 10–12, 14–16, 35. Plaintiff alleges that the Agents searched and seized his computer and client files despite the fact that they were advised that the work space searched and the materials seized belonged to Plaintiff's law firm. *Id.* ¶ 14. In addition, Plaintiff alleges that the Agents knew of the existence of Plaintiff's law firm at the Premises where they were executing the warrant. *Id.* ¶ 26. The search warrant, for its part, contains no mention of Plaintiff or his law firm. *See generally* Warrant. Given that the facts in the operative complaint must be taken as true and construed in the light most favorable to the nonmoving party at the motion to dismiss stage, *see Manzarek. Co.*, 519 F.3d at 1031, the Court cannot presently conclude as a matter of law that the Premises are a multiunit structure occupied in common by Plaintiff and BAC, such that the search warrant and the manner in which it was executed were necessarily valid, *see Mena*, 226 F.3d at 1038.

In addition, Plaintiff argues that the search warrant, or the manner of its execution, violated section 1524(c) of the California Penal Code. FAC ¶ 26; Opp. at 7. The relevant portion of section 1524(c) states that "no search warrant shall issue for any documentary evidence in the possession or under the control of any person who is a lawyer as defined in Section 950 of the Evidence Code. . . and who is not reasonably suspected of engaging or having engaged in criminal activity related to the documentary evidence for which a warrant is requested unless the following

8

procedure [describing the appointment and duties of a special master] has been complied with." Cal. Penal Code § 1524(c). Section 950 of the California Evidence Code defines a "lawyer" as "a person authorized, or reasonably believed by the client to be authorized, to practice law in any state or nation." Cal. Evid. Code § 950. Here, the operative complaint repeatedly alleges that Plaintiff is a practicing attorney, *see, e.g.*, FAC ¶ 1, and Defendants do not dispute that he is. The search warrant does not refer to Plaintiff or his law firm. *See generally* Warrant. In addition, the operative complaint alleges that the Agents were on notice that the computer, client files, and materials that they seized were the property of Plaintiff's law firm. *See* FAC ¶¶ 14–15. These facts—viewed in the light most favorable to Plaintiff, as is required at this stage—could plausibly have triggered the special master procedures of section 1524(c). Therefore, Plaintiff could plausibly show that no reasonably competent officer would have concluded that the warrant provided a basis for executing the search and seizure in the manner alleged, such that the Agents were not acting on a facially valid warrant, and do not enjoy qualified immunity. *See Barlow*, 943 F.2d at 1139.

Since the Court cannot definitively determine from the face of the operative complaint that qualified immunity applies, dismissal is not currently proper on that ground, *see O'Brien*, 818 F.3d at 936, though the defense may be raised again after further factual development at summary judgment or at trial, *see Morley*, 175 F.3d at 761; *Hernandez*, 2017 WL 977047, at *11. Consequently, the Agents' motion to dismiss Plaintiff's Fifth Cause of Action is denied.

          **ii.    State Law Causes of Action**

The Court first addresses the Agents' argument that all of Plaintiff's state law claims must be dismissed on statutory immunity grounds. Next, the Court considers the Agents' targeted arguments for dismissal pertaining to Plaintiff's First, Second, and Third Causes of Action.

                a.   <u>Immunity under Cal. Gov't Code § 821.6</u>

The Agents contend that all of Plaintiff's state law claims are barred by immunity conferred under section 821.6 of the California Government Code. Agents' Mot. at 7–9; *see also* Cal. Gov't Code § 821.6 ("A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if

he acts maliciously and without probable cause."). The Ninth Circuit has held that "[i]n interpreting a state statute, we must determine what meaning the state's highest court would give to the law." *Bass v. County of Butte*, 458 F.3d 978, 981 (9th Cir. 2006). The Ninth Circuit recently made this precise determination in interpreting section 821.6's reach. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016). The Ninth Circuit observed that in *Sullivan v. County of Los Angeles*, 12 Cal.3d 710 (1974), the California Supreme Court interpreted section 821.6 as extending immunity only to malicious prosecution actions. *Garmon*, 828 at 847. The Ninth Circuit also recognized that while the California Courts of Appeal subsequently "interpreted section 821.6 more expansively[,] . . . several district courts within this circuit have read *Sullivan* to mean that section 821.6 applies only to malicious prosecution claims, in spite of the California Court of Appeal decisions." *Id.* (citing cases). Based on the reasoning of *Sullivan* and the legislative history of section 821.6, the Ninth Circuit predicted that "the California Supreme Court would adhere to *Sullivan* even though California Courts of Appeal have strayed from it." *Id.* In this case, Plaintiff does not assert a malicious prosecution claim.[6] Given the Ninth Circuit's explicit holding in *Garmon*, the Court must conclude that section 821.6 provides no immunity here.[7]

---

[6] Plaintiff asserts a cause of action for abuse of process, *see* FAC ¶¶ 52–54, but that cause of action is distinct from malicious prosecution, *see Bidna v. Rosen*, 19 Cal. App. 4th 27, 40 (1993) ("Abuse of process is not just another name for malicious prosecution. . . . Malicious prosecution and abuse of process are distinct. The former concerns a meritless lawsuit (and all the damage it inflicted). The latter concerns the misuse of the tools the law affords litigants once they are in a lawsuit (regardless of whether there was probable cause to commence that lawsuit in the first place).").

[7] Without mentioning *Garmon*, the Agents cite *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). Agents' Mot. at 7. There, the Ninth Circuit ruled that section 821.6 provided immunity against not only malicious prosecution actions, but also "'actions taken in preparation for formal proceedings,' including actions 'incidental to the investigation of crimes.'" *Blankenhorn*, 485 F.3d at 487–88 (quoting *Amylou R. v. County of Riverside*, 28 Cal. App. 4th 1205 (1994)). However, the Court is bound by the Ninth Circuit's more recent holding in *Garmon*, which the Court must presume took *Blankenhorn* into account (even though it did not cite the case). *But see Mackovski v. City of Garden Grove*, 666 F. App'x 649, 655 (9th Cir. 2016) (finding police officers immune from negligence claim, based on California Court of Appeal decisions finding "that § 821.6 applies broadly beyond malicious prosecution claims to investigations prior to the institution of a judicial proceeding" (internal quotation marks omitted)); *Chaudhry v. City of Los Angeles*, 573 F. App'x 628 (9th Cir. 2014) (finding police officers immune from conversion claim, based in part on the Ninth Circuit's holding in in *Blankenhorn*).

10

b. First Cause of Action

Plaintiff asserts a cause of action under section 51.7 of the California Civil Code, *see* FAC ¶¶ 34–37, which has been described as "a 'hate crimes' statute[,]" *see Ramirez v. Wong*, 188 Cal. App. 4th 1480, 1486 (2010). Under section 51.7, people within California's jurisdiction "have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property . . . on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51," Cal. Civ. Code § 51.7, which includes, *inter alia*, "race, color . . . [and] national origin," *see id.* § 51(b). There are four required elements of a section 51.7 claim: (1) the defendant threatened or committed violent acts against the plaintiff, (2) the defendant was motivated by his perception of the plaintiff's protected characteristic, (3) the plaintiff was harmed, and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm. *See Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1167 (N.D. Cal. 2009) (citing *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880–81 (2007)); *see also I.H. v. Oakland Sch. for the Arts*, No. 16-cv-05500-SI, 2017 WL 565069, at *5 (N.D. Cal. Feb. 13, 2017) (same).

Here, Plaintiff fails to state a section 51.7 claim because he has not pled any facts plausibly showing that the Agents threatened or committed acts of violence against him. Plaintiff argues that "paragraph 36 [of the FAC] specifically alludes to defendants acting violently against plaintiff's principal." Opp. at 6. But the conclusory allegations of that paragraph are patently insufficient to overcome a motion to dismiss. *See Gilead Scis.*, 536 F.3d at 1055. Elsewhere in the complaint, Plaintiff's only interactions with the Agents appear to be a refusal by one of the Agents to show Plaintiff a copy of the search warrant and a conversation about the firm's disconnected internet service. FAC ¶¶ 13, 16–17. This alone cannot constitute violence or a threat of violence to sustain a claim under section 51.7. *See Ramirez*, 188 Cal. App. 4th at 1486 ("There can be no 'threat of violence' without some expression of intent to injure or damage plaintiffs or their property . . . .").

Even if Plaintiff had pled a threat of violence, his section 51.7 cause of action would still fail because he has not pled any facts plausibly showing that the Agents were motivated by their perceptions of Plaintiff's protected characteristics. According to Plaintiff, paragraph 35 of the

11

FAC pleads that "defendants' motive for their conduct was based on the race of its principal, his ethnic and national origin." Opp. at 6. However, the conclusory allegations of that paragraph are completely insufficient to overcome a motion to dismiss. *See Gilead Scis.*, 536 F.3d at 1055; FAC ¶ 35 (asserting that the Premises were "illegally searched" and that Defendants' "conduct . . . was based in part to [sic] the racial, ethnic, and/or national origin of plaintiff's principal").

In addition, a section 51.7 claim cannot plausibly be asserted on the basis of the Agents' conduct towards Plaintiff's secretary, Ms. Prado. First, Plaintiff appears to be suing only in his individual capacity. The operative complaint does not list Ms. Prado as a plaintiff. FAC ¶¶ 1–6. Instead, Plaintiff is described as "Kelechi Charles Emeziem DBA Emeziem & Others." *Id.* ¶ 1. Under California law, the "DBA" designation merely describes that Plaintiff does business under another name, without creating any entity that is district from Plaintiff as the operator of his business. *See Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348 (1996).

Second, the factual allegations as to Ms. Prado could not plausibly support a section 51.7 claim. Plaintiff alleges that the Agents confined Ms. Prado in the law firm's offices and would not allow her to use her cell phone or plaintiff's office telephone. FAC ¶ 11. The operative complaint fails to allege that this conduct by the Agents involved any application of physical force whatsoever, much less one rising to the level of "violence." *See id.*; *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1289 (9th Cir. 2001) (applying a "plain meaning" interpretation to the term "violence" as used in section 51.7); *Campbell v. Feld Entertainment, Inc.*, 75 F.Supp.3d 1193, 1205 (N.D. Cal. 2014) ("The plain meaning of the word 'violence'. . . clearly involves some physical, destructive act . . . [and] demands more than mere application of physical force." (internal brackets, quotation marks, and citation omitted)). Moreover, these facts do not provide any plausible basis for concluding that a reasonable person standing in Ms. Prado's shoes would have been intimidated by the Agents' conduct or perceived any threat of violence. *See Winarto*, 274 F.3d at 1289 (stating reasonability test for assessing threat of violence under section 51.7). In addition, a section 51.7 claim as to Ms. Prado would fail because Plaintiff's allegations regarding the Agents' motivations based on their perceptions of either Plaintiff or Ms. Prado's protected characteristics would still be conclusory. *See* FAC ¶ 35; *Gilead Scis.*, 536 F.3d

at 1055.

Plaintiff has failed to state a section 51.7 claim upon which relief could plausibly be granted. The Court dismisses this cause of action with leave to amend.

### c. Second Cause of Action

Plaintiff asserts a cause of action under sections 52 and 52.1 of the California Civil Code. FAC ¶¶ 38–41. However, section 52 is not an independent cause of action, but rather a remedial provision. *Feiger v. Smith*, No. 1:14-cv-01920-DAD-EPG (PC), 2016 WL 6821856, at *3 (E.D. Cal. Nov. 17, 2016), *report and recommendation adopted*, 2017 WL 431352 (E.D. Cal. Jan. 31, 2017); *see also* Cal. Civ. Code § 52.

Section 52.1 states in part:
> (a) If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action. . . .
> (b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

Cal. Civ. Code § 52.1 (West). "There are two distinct elements for a section 52.1 cause of action. A plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015), *review denied* (May 20, 2015).

Here, even if the Court were to find under the first prong that the Agents interfered or attempted to interfere with Plaintiff's rights, his claims would still fail under the second prong because he has not pled any facts plausibly showing that the Agents engaged in threats, intimidation, or coercion. *See id.* Plaintiff's citation to paragraphs 35, 38, 39 of the FAC is

13

unavailing, *see* Opp. at 6, because the conclusory allegations contained in those paragraphs are wholly inadequate to survive a motion to dismiss, *see Gilead Scis.*, 536 F.3d at 1055. And Plaintiff's limited interactions with the Agents cannot plausibly show that they engaged in threats, intimidation, or coercion. *See* FAC ¶¶ 13, 16–17.

Accordingly, Plaintiff has failed to state a section 52.1 claim upon which relief could plausibly be granted. The Court dismisses this cause of action with leave to amend.

### d. Third Cause of Action

Plaintiff's Third Cause of Action cites three statutory provisions: section 1524(c) of the California Penal Code, as well as sections 52 and 52.1 of the California Civil Code. *See* FAC ¶¶ 42–45. The Agents argue that Plaintiff fails to state a claim under section 1524(c) because, *inter alia*, there is no private right of action under section 1524(c). *See* Agents' Mot. at 6–7. In opposition, Plaintiff states that the Agents have misconstrued the Third Cause of Action, which "is not based [on] California Penal Code [§] 1524 ( C) [sic]." Opp. at 7. Instead, Plaintiff characterizes the Third Cause of Action as "a civil rights claim stating defendant's violation of the Penal Code Section 1524 ( c) [sic] as a basis of the civil rights complaint or claim." *Id.* Given that Plaintiff has conceded that he cannot state a standalone claim under section 1524(c) of the California Penal Code, and that section 52 of the California Civil Code is a remedial provision, not an independent cause of action, *see Feiger*, 2016 WL 6821856, at *3, the question before the Court is therefore whether Plaintiff can state a claim under section 52.1 of the California Civil Code. The Court has already answered that question in the negative. *See supra* Part IV.B.ii.c. The Court therefore dismisses this cause of action with leave to amend insofar as Plaintiff can plead facts supporting a cause of action under section 52.1.

### IV. CONCLUSION

The Court **GRANTS** the State Defendants' motion to dismiss as to all causes of action. The Fifth Cause of Action asserted against the State Defendants is **DISMISSED** with prejudice. The remaining causes of action asserted against the State Defendants are **DISMISSED** without leave to amend. In addition, the Court **GRANTS** in part and **DENIES** in part the Agents' motion to dismiss. That motion is **DENIED** as to the Fourth, Fifth, and Sixth Causes of Action asserted

14

against the Agents. The First, Second, and Third Causes of Action asserted against the Agents are **DISMISSED** with leave to amend. Nonetheless, the Court's decision to grant leave to amend as to these causes of action against the Agents is not an invitation for Plaintiff to replead substantially similar facts in the hope of a different result. To the contrary, Plaintiff should not file a second amended complaint unless he can plead facts that remedy the deficiencies identified by the Court. Furthermore, Plaintiff should carefully consider his obligations under Federal Rule of Civil Procedure 11 when deciding whether to file a second amended complaint and, if so, what claims to allege therein. Any second amended complaint must clearly and concisely state the basis for all claims alleged. Any second amended complaint must be filed within 28 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: 8/7/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge